UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COLLIN M. GATES,

                      Plaintiff,

                                        05-CV-6732

                 V.              **DECISION
and ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,

                      Defendant.

---

## **INTRODUCTION**

Plaintiff Collin Gates ("Gates" or "Plaintiff"), brings this action pursuant to the Social Security Act Sections 216(I), 223 and 1614(a)(3)(A), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits. Specifically, Gates alleges that the decision of the Administrative Law Judge ("ALJ") John P. Costello denying his application for benefits did not properly weigh the opinions of the plaintiff's treating physicians and other medical sources and did not properly assess the plaintiff's credibility.

The Commissioner moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion and cross

moves for judgment on the pleadings, or in the alternative for the case to be remanded for the ALJ to properly weigh the evidence. The Court finds that the decision of the Commissioner for the reasons set forth below, is supported by substantial evidence and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

## BACKGROUND

On October 24, 2003, Plaintiff, at that time 36 years-old, filed an application for Disability Insurance Benefits under Title II and Title XVI, § 216(I), § 223, and § 1614(a)(3)(A) of the Social Security Act claiming a disability since November 27, 2002, due to emotional problems, memory problems, anxiety and breathing/pulmonary problems (Tr. 26-27). Plaintiff's application was denied by the Social Security Administration initially on January 27, 2004 (Tr. 36). Plaintiff filed a timely request for hearing on February 24, 2004 (Tr. 43-44).

Thereafter, a hearing in this matter was conducted on May 16, 2005, before ALJ John P. Costello (Tr. 452-87). In a decision dated June 21, 2005, the ALJ determined that the plaintiff was not disabled (Tr. 23-35). This became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review on December 2, 2005 (Tr. 7-9). This action followed.

**DISCUSSION**

**I.   JURISDICTION AND SCOPE OF REVIEW**

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. Mathews v. Eldridge, 424 U.S. 319, 320 (1976). Additionally, the section directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 117, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., No. 06-2019-cv, 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence in the record as a whole, and whether the Commissioner's conclusions are based upon an erroneous legal standard. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by the substantial evidence).

The Commissioner asserts that her decision is supported by

substantial evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II.  STANDARD FOR ENTITLEMENT TO SOCIAL SECURITY BENEFITS

Under the Social Security Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ..." 42 U.S.C. §§ 423(d)(1)(A) (concerning Old-Age, Survivors', and Disability Insurance ("OASDI")); 42 U.S.C. § 1382c(a)(3)(A) (2004) (concerning SSI payments). An individual will only be considered "under a disability" if his impairment is so severe that he is both unable to do his previous work *and* unable to engage in any other kind of substantial gainful work that exists in the national economy. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

"Substantial gainful work" is defined as "work that exists in significant numbers either in the region where the individual lives or in several regions of the country." Id. Work may be considered "substantial" even if it is done on a part-time basis, if less money is earned, or if work responsibilities are lessened from previous employment. 20 C.F.R. § 404.1572(a) (OASDI); 20 C.F.R. § 416.972(a) (SSI). Work may be considered "gainful" if it is the kind of work usually done for pay or profit, whether or not a profit is realized. §§ 404.1572(b) and 416.972(b). Furthermore, "substantial gainful work" is considered available to an individual regardless of whether such work exists in his immediate area, whether a specific job vacancy exists for him, or whether he would be hired if he were to apply for work. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

When a claimant requests a Social Security disability hearing before an Administrative Law Judge, SSA regulations require the ALJ to perform a five-step sequential evaluation. Pursuant to this analysis:

 (i) if the claimant is performing substantial gainful work, he is not disabled;

 (ii) if the claimant is not performing substantial gainful work, his impairment(s) must be "severe" before he can be found to be disabled;

 (iii) if the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment (or impairments) meets or medically equals

>    a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry
>
> (iv) if the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled;
>
> (v) even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v). The ALJ in this case performed the required five-step evaluation and determined that: (1) the plaintiff had not engaged in substantial gainful employment since his alleged disability onset date of November 27, 2002 (2) the plaintiff's cognitive deficits and anxiety disorder were considered "severe" under §§ 404.1520(c) and 416.920(c); (3) the plaintiff's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the plaintiff was not able to perform his past relevant work as punch press operator, assembler, membership solicitor, health club manager and athletic trainer and; (5) the plaintiff had the residual functional capacity to do work at all exertional levels with some non-exertional limitations (Tr. 27-33).

Based on the entire record, specifically the medical evidence, I find that the ALJ properly concluded that plaintiff was not disabled within the meaning of the Social Security Act.

**III.   The Commissioner's decision to deny the plaintiff benefits was supported by substantial evidence in the record.**

    A.   The ALJ properly evaluated the medical opinions in the record in determining that plaintiff was able to do other work in the national economy.

I find that the ALJ properly evaluated the medical evidence in the record in concluding that the plaintiff was not disabled within the meaning of the Act.  The ALJ relied upon diagnostic and clinical evidence in the record, as well as the opinions of Drs. Russow and Zax, along with the plaintiff's treatment notes from Clifton Springs Hospital & Clinic.  The ALJ properly afforded "limited weight" to the opinion of Plaintiff's treating psychiatrist, Dr. Rodic, and rejecting the opinion of Dr. Gaudette. (Tr. 30-31).

Although Dr. Rodic was one of plaintiff's treating physicians, the Social Security regulations require that a treating physician's opinion will be controlling only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). The ALJ properly concluded that Dr. Rodic's opinion should not be given controlling weight because it was not well supported by his own clinical findings and was inconsistent with other substantial evidence.

On September 16, 2004, Dr. Rodic conducted a psychiatric

evaluation of plaintiff in which he opined that the plaintiff was "very intelligent" with "no cognitive deficits in spite of his claim to the contrary" and had "moderate" functional limitations (Tr. 433). Dr. Rodic determined the plaintiff's Global Assessment of Functioning ("GAF") to be 60, which indicated that the plaintiff had only moderate symptoms or moderate difficulties in occupational and social functioning (Tr. 433).

However, on April 26, 2005, Dr. Rodic assessed the plaintiff again and opined that plaintiff had only a "fair" ability to remember and carry out simple instructions, respond appropriately to others, and abide by work rules (Tr. 437-439). In addition, Dr. Rodic also opined that plaintiff had a "poor" ability to remember detailed instructions, complete a normal workday on a sustained basis, concentrate and attend to a task over an eight-hour period, make simple work-related decisions, maintain social functioning and tolerate customary work pressures in a work setting where there are certain production requirements and demands (Tr. 438-440). Furthermore, in his assessment Dr. Rodic accorded weight to the plaintiff's complaints, which the ALJ found to be not totally credible (Tr. 30). The ALJ properly afforded Dr. Rodic's conclusions limited weight as his assessment findings were inconsistent and not well supported by medical findings.

It should be noted that prior to seeing Dr. Rodic for his assessment, plaintiff received a brain CT scan on December 7, 2000

which did not reveal any abnormality (Tr. 200). Furthermore, the plaintiff went to a support program which helped him cease consumption of alcohol as of August 31, 2001 and his thought processes were assessed at that time to be "fairly competent and fluent" with "no significant difficulties with word finding" and "no tremor" (Tr. 221). In addition, it was noted that plaintiff's short term memory and recall had improved since he had stopped drinking (Tr. 221).

The ALJ also properly rejected Dr. Gaudette's assessment of the plaintiff. In a September 25, 2002 evaluation, Dr. Gaudette concluded that plaintiff was "not a candidate to return to full-time competitive employment in the foreseeable future" (Tr. 206). This conclusion was based on plaintiff's test results in which he was found to be in the "impaired range" on all three memory tests administered to him, and also in the "impaired range" on six of nine executive function tests (Tr. 205). Dr. Gaudette noted that his well below average abilities in these areas were likely the result of plaintiff's history of substance abuse (Tr. 205). However, despite these findings, Dr. Gaudette states "I support his [plaintiff's] desire and plan to take one or two classes at the Finger Lakes Community College in the spring..." (Tr. 206). This assessment is both inconsistent and not supported by medical findings, and was therefore properly rejected.

The ALJ properly concluded that plaintiff was not precluded

from doing work at all exertional levels so long as he has significant attention and concentration to understand, remember and follow simple instructions only; that he is limited to low stress work done primarily alone with only occasional decision-making. (Tr. 32). In a September 9, 2003 evaluation, Dr. Russow noted that plaintiff had a "post high school" reading ability, a "high school" spelling ability, and a "sixth grade" arithmetic level (Tr. 271). It was also noted by Dr. Russow that while plaintiff was functioning in the low average range of intelligence according to the Wechsler Adult Intelligence Scale-Third (WAIS-III), this was likely an underestimation of plaintiff's "true intelligence" given plaintiff's reported high school GPA and subsequent attainment of an associate's degree (Tr. 276). Consistent with the ALJ's residual functional capacity findings, Dr. Russow notes that plaintiff's limitations would pose challenges in a fast paced work environment that would require the plaintiff to multitask (Tr. 277).

Similarly, treatment notes from Clifton Springs Hospital & Clinic document that plaintiff has sufficient and adequate ability to function in a work environment (Tr. 31). In a October 8, 2003 evaluation, Clifton Springs noted that plaintiff was calm and relaxed, and maintaining intelligence, attention span, speech and thought processes within normal limits (Tr.260). In two follow up assessments it was noted that plaintiff demonstrated no evidence of

long term memory deficit, "wanted to define himself as disabled" and "focused on obtaining disability as his coping skill" (Tr. 255, 258).

On December 15, 2003 Dr. Zax, a consultative examiner, similarly noted that the plaintiff was cooperative and relaxed (Tr. 280). In Dr. Zax's assessment, he found that while the plaintiff is "somewhat limited intellectually," he "certainly should be able to follow and understand simple directions and instructions" (Tr. 282). Furthermore, Dr. Zax notes that plaintiff may benefit from help with finding work that he could manage, because it would give plaintiff "direction" (Tr. 282).

After reviewing the record, I find that the ALJ's reliance on the opinions of Drs. Russow and Zax, along with treatment notes from Clifton Springs Hospital & Clinic, was correct. The ALJ's conclusion for affording limited weight to Dr. Rodic's opinion, and rejecting Dr. Gaudette's is amply supported by the medical evidence in the record.

B. The ALJ properly evaluated the plaintiff's subjective complaints.

The Second Circuit has held that "it is entirely appropriate for an ALJ to consider a claimant's daily activities in assessing [his] credibility and capacity to perform work-related activities." Lamorey v. Barnhart, 158 Fed. Appx. 361, 363 (2d Cir. Vt. 2006). In addition, where there is conflicting evidence about a claimants pain, "the ALJ must make credibility findings." Snell v. Apfel, 177

F.3d 128,135 (2d Cir. 1999). Plaintiff's daily activities conflicted with the evidence of the record and indicated that he had the physical and mental ability to perform simple, low stress work. I therefore find that the ALJ properly evaluated the plaintiff's subjective complaints and correctly determined that the plaintiff's complaints of pain and allegations regarding his mental limitations were not totally credible.

At his hearing, plaintiff testified that his legs give out and that he cannot walk very long or run at all (Tr. 462). However, evidence of the record indicates that plaintiff exercises regularly on a treadmill, attending the "Y" about four times a week (Tr. 259). Plaintiff was also asked his address at the hearing, upon which he struggled to recall the information (Tr. 456). Yet, plaintiff was able to demonstrate "excellent and quick" recall throughout the rest of the hearing (Tr. 29). Further, the evidence of the record indicates that plaintiff did crossword puzzles, read above a high school level, and read almanacs (Tr. 456).

Plaintiff also claimed in his testimony that the medication he was on for his anxiety made him drowsy and required him to nap in the afternoon (Tr. 465). However, there is no evidence in the record that he has sought to have his medication adjusted or changed on a consistent basis (Tr. 30). In addition, plaintiff claimed that he lacked the attention span to watch a one hour television show yet said that for recreation he watched TV and worked out at the "Y"

(Tr. 466, 469). Furthermore, assessments performed at Clifton Springs Hospital & Clinic noted that plaintiff "appears to want to define himself as disabled" and was "focused on obtaining disability as his coping skill"(Tr. 255, 258).

I find that the ALJ properly evaluated the plaintiff's subjective complaints by considering plaintiff's daily activities when plaintiff's complaints conflicted with the evidence in the record. The ALJ was correct in concluding that the plaintiff should not be considered fully credible (Tr. 30).

## **CONCLUSION**

For the reasons set forth above, I conclude that the ALJ's decision was supported by substantial evidence in the record and, therefore, grant Commissioner's motion for judgment on the pleadings. Plaintiff's cross motion for judgment on the pleadings is denied, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                             s/Michael A. Telesca

                                              MICHAEL A. TELESCA
                                  United States District Judge

Dated:   Rochester, New York
           June 30, 2008